IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-00245-PSF-MEH

GENERAL STEEL CORPORATION;
GENERAL STEEL DOMESTIC SALES, LLC, a Colorado limited liability corporation,

    Plaintiffs,

v.

WORLD MISSIONS MINISTRIES, INC., a Maryland corporation,

    Defendant.

## ORDER

This matter comes before the Court on Defendant's Motion for Assessment of Statutory Attorney's Fees (Dkt. # 17), filed September 5, 2006. Plaintiffs filed their opposition to the motion on September 11, 2006 (Dkt. # 19). Defendant filed a reply brief on September 15, 2006 (Dkt. # 24).

**IS DEFENDANT ENTITLED TO A FEE AWARD?**

This matter arises out of an arbitration award entered in favor of defendant and against plaintiffs on October 17, 2005, which apparently compensated defendant in the amount of $114,300 in damages under the Colorado Consumer Protection Act ("CCPA"). Defendant brought an action in the District of Maryland seeking to confirm the arbitration award. Plaintiffs brought the instant action in Colorado seeking to vacate the award. On August 22, 2006, this Court dismissed the instant case because by order entered July 28, 2006, the Maryland District Court denied plaintiffs' motion to transfer that case to Colorado and entered an award confirming the arbitration award.

At the conclusion of the hearing on August 22, 2006, this Court at the request of defendant's counsel allowed defendant 14 days to file a motion for attorneys' fees and plaintiff time to respond (see Dkt. # 16 at 2).

Defendant's motion asserts that it is entitled to attorneys' fees pursuant to C.R.S. § 6-1-113(2)(b), a provision of the CCPA providing for an award of "costs of the action" and "reasonable attorney fees as determined by the court" against any person found liable in a private civil action brought under that statute.  Citing to *Vista Resorts, Inc. v. Goodyear Tire & Rubber Co.*, 117 P.3d 60, 76 (Colo. App. 2004), defendant asserts it is entitled to recover attorneys' fees for the efforts made in defending this case.  However, while that case recognized the right of a successful plaintiff to recover attorneys fees under that statute and indicated that fees and costs incurred on appeal may be awarded by the trial court, the case says nothing about an award of fees under the CCPA statute for defending an effort to vacate an arbitration award, and no case cited by defendant addresses that issue.

Plaintiffs, on the other hand, assert that this matter is governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, and contend that the statute and cases decided thereunder do not authorize a district court to award attorney's fees to a party who successfully confirms an arbitration award in federal court (Plaintiff's Response at 2). However, plaintiffs concede that cases hold that an award of fees is permitted if the there is a separate statutory authority for fee shifting or a contract between the parties providing for same, citing to *Harter v. Iowa Grain Co.*, 220 F.3d 544, 557-58 (7th Cir. 2000), or if the court finds that the challenge to an award is found to be frivolous or without legal justification, citing to *Matter of Arbitration Between Trans Chemical Ltd.*

2

*and China Nat. Machinery Import and Export Corp.*, 978 F. Supp. 266 (S.D. Tex. 1997), *aff'd*, 161 F.3d 314 (5th Cir. 1998) and other district court cases (Plaintiff's Response at 2).

In reply to this argument, defendant contends that the CCPA provides the statutory authority for an award of attorneys' fees (Defendant's Reply at 4-5), or alternatively that the plaintiffs who brought this action lacked legal justification because "plaintiffs launched a duplicative lawsuit in this Court against the defendant, ignoring the fact that a suit had already been duly filed in federal court in Maryland involving the identical claims and parties." *id*. at 5.

In *Matter of Arbitration Between Trans Chemical Ltd. and China Nat. Machinery Import and Export Corp.*, *supra*, the court, citing to *Executone Information Systems, Inc. v. Davis*, 26 F.3d 1314, 1331 (5th Cir. 1994) and other cases, stated that:

> The FAA does not provide for attorney's fees to a party who is successful in confirming an arbitration award in federal court. *Menke v. Monchecourt*, 17 F.3d 1007, 1009 (7th Cir.1994). The prevailing party may nevertheless be entitled to attorney's fees in an action to confirm an arbitration award if the opponent's reasons for challenging the award are "without merit" or "without justification," or are legally frivolous, that is, brought in bad faith to harass rather than to win.

978 F. Supp. at 311.

In addition, at least one district court in the Tenth Circuit, applying a slightly different standard, has found that an award of attorneys fees is proper to a party successful in the arbitration, as was defendant here, who then has to defend against a "doomed" effort to vacate the arbitration award. *See Commercial Refrigeration Inc., v. Layton Constr. Co.*, 319 F. Supp. 2d 1267, 1271 (D. Utah 2004) ("While losing an

3

arbitration may be unpleasant for an attorney to communicate and a client to digest, the experience is not significantly improved by the instigation of a doomed-and no doubt costly-legal action. Having in mind the standard of review and its effect on the relative strengths of the parties' positions, the Court grants [defendant's] motion for an award of reasonable attorneys' fees in the action before this Court.") (footnote omitted).

This Court does not find that the CCPA provides for an award of fees for successfully defending an effort to overturn an arbitration award made under that statute. However, the Court does find that the language from *Commercial Refrigeration Inc.* is particularly apposite here to describe to the effort of plaintiffs in the instant case. For reasons not at all clear to the Court, they sought through filing this action in this Court to avoid the effect of the arbitrator's order while the exact same issue was already pending in Maryland. Moreover, plaintiffs filed a motion to transfer the Maryland action to this Court on February 10, 2006, three days before initiating this action. While this Court is in no position to determine whether seeking to vacate the arbitration award was frivolous (certainly Judge Titus thought it to be meritless), it nonetheless finds that the effort to do so in this district was unnecessary and essentially unjustified. Therefore, an award of attorneys' fees to defendant for the additional expense incurred in defending this effort is justified.

**WHAT IS AN APPROPRIATE AWARD?**

On review of the record in this case, the Court finds that defendant's efforts to respond to the plaintiffs action consisted essentially of filing an Opposition To The Plaintiffs' Motion To Vacate and Its Motion To Confirm, or in the Alternative, Motion to Transfer This Action To District of Maryland (Dkt. # 2), filed March 27, 2006;  a Reply

4

To Plaintiff's Opposition To Its Motion To Confirm and Motion To Transfer (Dkt. # 6), filed April 17, 2006; a Status Report (Dkt. # 11), filed on July 31, 2006; and, a Motion for Judgment, or in the Alternative, Motion to Register Judgment (Dkt. # 15), filed August 18, 2006.  In addition, counsel for defendant appeared at the hearing on August 22, 2006 via telephone.  On review of the time entries contained in defendant's motion for award of attorneys' fees, it appears to the Court that the reasonable time expended for the preparation of these filings and counsel's appearance totaled 7.25 hours (Motion at 3).  In the Court's view, these hours are the reasonable amount of time expended on this case for which compensation is proper, and the remaining time expended as described in defendant's motion is not compensable as reasonable time related to defending this case.

Defendant seeks compensation for the work performed at the rate of $405 per hour, which defendant asserts is the "market rate counsel charges it corporate clients" and is asserted to be a reasonable hourly rate for an attorney with the experience of defendant's counsel employed in the Washington, D.C. area where defendant's counsel is located (Motion at 4).  However, under the law of the Tenth Circuit, a reasonable rate for an award of attorneys' fees must be based on the "prevailing market rate in the relevant community," *see e.g. Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996) and cases cited therein, and "community" means the "local area" in "which the court sits."  *See e.g. Ramos v. Lamm,* 713 F.2d 546, 555 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air,* 483 U.S. 711, 717 n.4 (1987).  Thus, hourly rates charged by defendant's counsel in the Washington, D.C. area do not provide a proper measure of the prevailing rate in

5

this district.  Counsel for defendant has provided little or no information as to her experience or other qualifications other than to advise the Court she is a 1984 graduate of the University of Michigan Law School, a fine institution to say the least but alone not enough of a basis to justify the hourly rate sought.  Rather, this Court finds that a reasonable rate for the work given counsel's apparent experience and the quality of the work performed is $300 per hour.  The Court will thus award defendant attorney fees for 7.25 hours of work performed at the hourly rate of $300 per hour, or a total of $2,250.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion for Assessment of Statutory Attorney's Fees (Dkt. # 17) is GRANTED to the extent that defendant is awarded attorneys' fees in the amount of $2,250.  The Clerk of the Court is directed to enter a judgment in this amount in favor of defendant and against plaintiffs.  Reasonable costs shall be determined initially by the Clerk of the Court.

DATED: October 27, 2006.

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge